IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No.: 2:17-cv-00745-DCN-MGB |
| Plaintiff, | ) ) | JURY TRIAL DEMAND |
| v. | ) ) | **COMPLAINT** |
| J.C. WITHERSPOON, JR., INC., | ) ) ) | |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Leroy Lawson, who was adversely affected by such practices. As alleged with greater particularity in the paragraphs below, the Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that J.C. Witherspoon, Jr., Inc. ("Defendant"), failed to accommodate Lawson's religious beliefs, and terminated Lawson because of his religion, Hebrew Pentecostal, in violation of Title VII.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Charleston

1

Division. This lawsuit is being filed in the Charleston Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Charleston Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a South Carolina corporation registered to conduct business in the state of South Carolina, and has continuously been doing business in the state of South Carolina and the city of Alcolu. At all relevant times, Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Leroy Lawson filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On November 29, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On February 9, 2017, the Commission issued to Defendant a Notice of Failure of

Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. As more fully described below, on or about December 28, 2013, Defendant engaged in unlawful employment practices at its facility in Alcolu, South Carolina, in violation of Section 703 of Title VII, 42 U.S.C. § 2000(e)-2, when it refused to accommodate the sincerely held religious beliefs of Lawson and discharged him because of his religion, Hebrew Pentecostal.

11. Lawson has been a Hebrew Pentecostal for approximately 35 years. As a Hebrew Pentecostal, Lawson holds the sincere religious belief that he must not engage in labor during the biblical Sabbath. According to Lawson's faith, the Sabbath begins at sunset on Friday and ends at sunset on Saturday.

12. On or about March 26, 2012, Lawson was hired by Defendant as a truck driver at Defendant's facility in Alcolu, South Carolina.

13. During a pre-hire interview, Lawson notified the Truck Supervisor and Foreman ("Foreman") that Lawson observes the Sabbath on Saturdays, and would need accommodation of not working on Saturdays due to his religious beliefs.

14. In or around April 2012, just a few weeks after Lawson's hire, Defendant required all drivers to work on a Saturday. Lawson worked that Saturday. At the end of that work day, Lawson told the Foreman that he could not work on a Saturday, his Sabbath, ever again because of his religious beliefs. The Foreman assured Lawson that Defendant would accommodate Lawson's religious beliefs going forward.

15. Between approximately April 2012 and December 27, 2013, Defendant accommodated Lawson's religious beliefs and did not require Lawson to work on a Saturday.

16. On or about December 27, 2013, Charging Party's Crew Leader assigned Charging Party to drive with another crew on Saturday, December 28, 2013.

17. That same day, on or about December 27, the Crew Leader notified the Foreman that Charging Party refused to work on Saturdays.

18. The Foreman then called the Owner of the company and told the Owner that Charging Party refused to work on Saturdays. The Owner instructed the Foreman to terminate Charging Party's employment. The Owner also instructed the Foreman to go to Charging Party's private residence and to reclaim Charging Party's work-issued truck.

19. On or about Saturday, December 28, 2013, Charging Party came home from church and discovered that his work-issued truck was gone.

20. On or about December 28, Charging Party called the Foreman to notify the Foreman that his work-issued truck was gone. The Foreman then notified Charging Party that the Owner terminated Lawson's employment because Lawson would not work on Saturdays.

21. Defendant failed to accommodate Lawson's religious beliefs and discharged him because of his religion, Hebrew Pentecostal, in violation of Title VII.

22. The effect of the practices complained of has been to deprive Lawson of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Lawson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and their need for a reasonable accommodation for those beliefs.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination and providing for religious accommodations, all of which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Lawson whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay.

D.     Order Defendant to make Lawson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Lawson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F.     Order Defendant to pay Lawson punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this the 20th day of March, 2017.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

LYNETTE A. BARNES
N.C. Bar No. 19732
Regional Attorney

YLDA MARISOL KOPKA
Supervisory Trial Attorney
Illinois Bar No. 6286627

YOLANDA W. BROCK
N.C. Bar No. 36651
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6463
Facsimile: (704) 954-6412
Email: yolanda.brock@eeoc.gov

<u>s/ Rachael S. Steenbergh</u>
RACHAEL S. STEENBERGH
South Carolina Federal Bar No. 10867
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 954-6472
Facsimile: (704) 954-6412
Email: rachael.steenbergh@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**