**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) **Plaintiff,** ) ) **and** ) ) LEROY LAWSON, ) ) **Plaintiff-Intervenor,** ) **v.** ) ) J.C. WITHERSPOON, JR., INC., ) ) **Defendant.** ) | Civil Action No.: 2:17-cv-00745-DCN-MGB  **CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that J.C. Witherspoon, Jr., Inc. ("Defendant") discriminated against Leroy Lawson ("Lawson") when it failed to accommodate the religious beliefs of Lawson and discharged him because of his religion, Hebrew Pentecostal, in violation of Title VII. Thereafter, Leroy Lawson intervened, through counsel, also alleging violations of Title VII.

The Commission, the Plaintiff-Intervenor, and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1.     Defendant shall not discriminate against any person on the basis of religion within the meaning of Title VII, including by failing to provide a reasonable accommodation to the known bona fide religious beliefs of an applicant or employee or by discharging an employee on the basis of his or her religious beliefs.

2.     Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3.     When an employee requests a religious accommodation, Defendant shall engage in an interactive process with the employee to determine what, if any, reasonable accommodation can be provided.

4.     Defendant shall pay the total sum of Fifty-Three Thousand Dollars ($53,000.00) in settlement of the claims raised in this action. (a) a check in the amount of Two Thousand Nine Hundred Seventy-Seven Dollars and Seven Cents ($2,977.07), less all applicable tax withholdings, payable to "Leroy Lawson" for claims related to lost wages (reported on an IRS Form W-2); (b) a check in the amount of Twenty Six Thousand One Hundred Twenty-Two and Thirty-Three Cents ($26,122.33) payable to "Leroy Lawson" for claims related to his compensatory damages (reported

,on an IRS Form 1099); and (c) a check in the amount of Twenty Three Thousand Nine Hundred and Sixty Cents ($23,900.60) payable to "Jennifer Munter Stark Trust Account" for costs and attorney's fees (reported on an IRS Form 1099).  Defendant shall mail the checks to Jennifer Munter Stark, Esq., 210 Wingo Way, Suite 300, Mt. Pleasant, SC 29464.  Payment shall be made within ten (10) days after the Court approves this Consent Decree. Within ten (10) days after the checks have been sent, Defendant shall send to the Commission a copy of each check and proof of their delivery to Ms. Stark.  Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Leroy Lawson may or may not incur on such payments under local, state and/or federal law.

5.     Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Leroy Lawson any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 415-2014-00419 and the related events that occurred thereafter, including this litigation.  Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Leroy Lawson from "terminated" or "involuntarily terminated" to "voluntarily resigned."  Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6.     Defendant shall provide Leroy Lawson with a letter of reference using the form attached hereto as Exhibit A.  Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Leroy Lawson mailed to Jennifer Munter Stark, Esq., 210 Wingo Way, Suite 300, Mt. Pleasant, SC 29464.  Leroy Lawson is free to disseminate the letter to potential employers.  Defendant agrees that if it receives any inquiry about

Leroy Lawson from a current or prospective employer, it will provide only the information set forth in the letter of reference in response.

7.      Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against discrimination based on religion, its requirement that employers reasonably accommodate the religious beliefs of their employees; a procedure for employees to request a reasonable accommodation; and a procedure for the consideration of and response to an employee's requests for a reasonable accommodation. Defendant shall distribute to each current employee a copy of the policy within the aforementioned ninety (90) day time period. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

8.      During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 7, *supra*, in the office and the building located at the fuel lines where it is visible to employees. If any copy of the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety (90) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

9.      During the term of this Consent Decree, Defendant shall provide an annual training program to all owners, managers, supervisors, and employees. Each training program shall include an explanation of the requirements of Title VII, including an employer's obligation to accommodate the religious beliefs of applicants or employees and its prohibition against

4

discrimination in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7, *supra*, and an explanation of the rights and responsibilities of employees, supervisors and managers under the policies.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to <u>EEOC-CTDO-decree-monitoring@eeoc.gov</u>. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first report being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

       A.    the identity of each individual (applicant or employee) who requested an accommodation due to his or her religious belief or practice, including by

        way of identification each person's name, address, telephone number, and job title or position sought;

B.     information regarding the requested accommodation, including the date of the accommodation request; the religious belief that required accommodation; whether the request was granted; what, if any accommodation was provided; if the accommodation request was denied, a detailed explanation as to why the request was denied, including the factual basis for any claim of undue hardship; and the identity of all persons involved in the decision to grant or deny the request;

C.     for each individual identified in response to 11.A. above, explain whether the individual's employment status has changed in any respect since his or her request for an accommodation (for example, including but not limited to, termination, demotion, promotion, schedule change, or reduction in work hours); and

D.     for each individual whose employment status has changed as identified in response to 11.C. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 11.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12.     The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

13.     If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have thirty (30) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

15. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: C.E. "Skip" Hardin, Jr. at chardin@mckayfirm.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

17. Each party shall bear its own costs and attorney's fees.

18. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____
David C. Norton
United States District Judge

June 20, 2018
Charleston, South Carolina

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **J.C. WITHERSPOON, JR. INC., Defendant** |
| JAMES L. LEE<br>Deputy General Counsel | **s/ *C.E. Hardin, Jr.*** <br>Temus C. Miles, Jr.<br>C.E. "Skip" Hardin, Jr. |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | THE MCKAY FIRM, P.A.<br>1310 Blanding Street (29201)<br>Columbia, SC 29202 |
| LYNETTE A. BARNES (NC Bar #19732)<br>Regional Attorney | tmiles@mckayfirm.com<br>chardin@mckayfirm.com |
| KARA GIBBON HADEN (NC Bar # 26192)<br>Supervisory Trial Attorney | **ATTORNEYS FOR DEFENDANT** |
| **s/ *Rachael S. Steenbergh-Tideswell*** <br>RACHAEL S. STEENBERGH-TIDESWELL<br>South Carolina Federal Bar No. 10867<br>Senior Trial Attorney<br>**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (704) 954-6472<br>Email: rachael.steenbergh@eeoc.gov | **LEROY LAWSON, Plaintiff-Intervenor**<br><br>**s/ *Jennifer M. Stark*** <br>Jennifer M. Stark<br>JENNIFER MUNTER STARK, ESQUIRE, LLC<br>210 Wingo Way #300<br>Mt. Pleasant, SC 29464<br>Jmunsterstarklaw@gmail.com<br>**INTERVENOR COUNSEL** |
| KATHERINE J. CHRISTY (IL Bar # 6282803)<br>*Admitted Pro Hac Vice pursuant to LR 83.1.06*<br>Trial Attorney<br>**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, North Carolina 28202<br>Telephone: (704) 954-6464<br>Facsimile: (704) 954-6412<br>Email: katherine.christy@eeoc.gov | |
| **ATTORNEYS FOR PLAINTIFF** | |

[Defendant's letterhead]  [Date]


TO WHOM IT MAY CONCERN:

We are providing the following reference on behalf of our former employee, Leroy Lawson.

Leroy Lawson was employed by J.C. Witherspoon, Jr., Inc. in the position of Truck Driver from March 29, 2012 to December 27, 2013.  Mr. Lawson remains eligible for employment.

We hope that this information about Mr. Lawson is helpful to you in considering him for employment.


Sincerely,



_____
[Parties to agree upon signature to letter]


**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) **Plaintiff,** ) ) **v.** ) ) **J.C. WITHERSPOON, JR., INC.,** ) ) **Defendant.** ) ) | Civil Action No.: 2:17-cv-00745-DCN-MGB  **EMPLOYEE NOTICE** |

1. This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission and J.C. Witherspoon Jr., Inc.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on an individual's sincerely held religious beliefs. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. J.C. Witherspoon, Jr., Inc. will comply with such federal laws in all respects. Furthermore, J.C. Witherspoon, Jr., Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the EEOC. DO NOT REMOVE THIS NOTICE UNTIL: _____

**EXHIBIT B**